1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8  EDITA JASIC,                    )
                                   )     Case No. 2:13-cv-01747-JAD-CWH
                 Plaintiff,        )
9                                  )     **ORDER**
   vs.                             )
10                                 )
   MARY KORA,                      )
11                                 )
                 Defendant.        )
12 _____)

13      This matter is before the Court on Plaintiff's Second Motion/Application for Leave to Proceed

14 *In Forma Pauperis* (#3), filed on October 17, 2013.  The Court denied without prejudice Plaintiff's

15 First Motion/Application for Leave to Proceed *In Forma Pauperis* (#1) on September 25, 2013 for lack

16 of sufficient information.  *See* Order #2.  In doing so, the Court granted Plaintiff thirty day to file a

17 Second Application with complete information.  Additionally, Plaintiff filed a motion for appointment

18 of counsel (#3-1, 3).

19                                 **DISCUSSION**

20 I.      ***In Forma Pauperis* Application**

21      Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action

22 in federal district court in addition to a new $50 administrative fee, effective May 1, 2013, for a total of

23 $400.  The court may authorize the commencement of an action "without prepayment of fees and costs

24 or security therefor, by a person who makes affidavit that [s]he is unable to pay such costs or give

25 security therefore."  28 U.S.C. § 1915(a).

26      Plaintiff submitted the affidavit required by § 1915(a) to show that she is unable to prepay fees

27 and costs or give security for them.  In Plaintiff's Second Application to Proceed *In Forma Pauperis*,

28 Plaintiff reports that she has no income, but states assets of two cars and $33.00 in a checking or

savings account.  Additionally, Plaintiff indicates that she has four dependants and her monthly

expenses are approximately $2,325.50. Based on this information, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Specifically, federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(e),

1   the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,

2   unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.

3   *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

4          **A.**    **Diversity Jurisdiction**

5          Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions

6   in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the

7   matter is between "citizens of different states."  Plaintiff and Defendant appear to be Nevada citizens

8   and Plaintiff requests $50,000 in damages so there is no diversity jurisdiction in this case.

9          **B.**    **Federal Question Jurisdiction**

10         As a general matter, federal courts are courts of limited jurisdiction and possess only that power

11  authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28

12  U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the

13  Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where

14  federal law creates the cause of action or 'where the vindication of a right under state law necessarily

15  turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086,

16  1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.

17  1, 8-9 (1983).  The presence or absence of federal-question jurisdiction is governed by the "well-

18  pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-

19  pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

20  of the plaintiff's properly pleaded complaint." *Id.*

21         Here, Plaintiff makes a general allegation that Mary Kara, the owner of Psychic Eye Book Shop,

22  did not protect her safety and unfairly treated her when she worked at that business.  She failed to

23  provide any citation to authority and the Court is unable to determine, based on the limited facts

24  provided, what cause of action applies to such allegations.

25         Plaintiff also generally alleges that she was discriminated against based on her national origin.

26  Plaintiff may have intended to file a claim for discrimination based national origin in violation of Title

27  VII of the Civil Rights Act ("Title VII").  42 U.S.C. § 2000e–2(a)(1).  Title VII allows a person to sue

28  an employer for discrimination on the basis of national origin if she has exhausted both state and EEOC

1   administrative procedures.  To establish federal subject matter jurisdiction, Title VII requires a plaintiff

2   to exhaust  her administrative remedies before filing suit.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091,

3   1099 (9th Cir. 2002).  Once a plaintiff files a charge with the EEOC, the Commission will investigate

4   the charges, attempt to reach a settlement, and decide whether to sue the employer.  *Id.*  If the EEOC

5   decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC will issue plaintiff a

6   right-to-sue letter and plaintiff will have exhausted her  remedies with the EEOC.  *See* 42 U.S.C. §

7   2000e–5(f)(1).  After receipt of the right-to-sue letter, plaintiff may sue in federal or state court.  *Id.*

8   Here, Plaintiff has provided no evidence that she has exhausted her administrative remedies.

9        In addition, Plaintiff has not provided adequate factual support for her claim.  In order to prove a

10   prima facie case of discrimination in violation of Title VII, Plaintiff must establish the following: (a)she

11   belonged to a protected class; (b) she was qualified for his job; (c) she was subjected to adverse

12   employment action; and (d) similarly situated employees not in her protected class received more

13   favorable treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*,

14   296 F.3d 810, 818 (9th Cir. 2002)).  Plaintiff did not provide the dates of the alleged incidents of

15   discrimination based on national origin, state her national origin, how she was qualified for the job, and

16   describe any similarly situated employees.  Similarly, Plaintiff did not provide any evidence that she

17   timely filed an administrative charge with the EEOC.  Therefore, the Court finds that Plaintiff failed to

18   exhaust her administrative remedies and provide sufficient facts to state a claim for relief under Title

19   VII.

20        Finally, Plaintiff also generally alleges that she was not paid wages.  She cites no authority and

21   provides no facts to support this allegation.  The Court notes that this is a matter to be determined under

22   state law rather than under the federal wage and hour law, the Fair Labor Standards Act (FLSA"), 29

23   U.S.C. § 201, et seq.  *See, e.g., Lucas v. Bell Trans*, 2009 WL 2424557 (D. Nev. June 24, 2009) (noting

24   private right of action to recover unpaid wages exists in Nevada state statutes); *Brown v. Precision*

25   *Opinion*, 2011 WL 1257210 (D. Nev. April 4, 2011) (noting no support for proposition that employers'

26   failure to pay unpaid wages at termination constitutes a violation of FLSA).  Accordingly, Plaintiff's

27   claim for unpaid wages will also be dismissed with leave to amend.

28        In conclusion, absent sufficient factual allegations to correct the above-noted subject-matter

1  jurisdiction deficiencies, Plaintiff's claims cannot survive.  As Plaintiff is proceeding *pro se*, the Court

2  will provide Plaintiff with thirty days to amend the complaint.  The Court notes that it cannot refer to a

3  prior pleading in order to make a complaint complete.  Local Rule 15-1 requires that an amended

4  complaint be complete in itself without reference to any prior pleading.  This is because, as a general

5  rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

6  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

7  function in this case.  Therefore, in an amended complaint, each claim and the involvement of the

8  defendant must be sufficiently alleged.

9  **III.    Motion for Appointment of Counsel**

10      Plaintiff requests counsel be appointed because she has no money to afford an attorney.  She

11  indicates that she is unemployed and supports four children.

12      Civil litigants do not have a Sixth Amendment right to appointed counsel.  *Storseth v. Spellman*,

13  654 F.2d 1349, 1353 (9th Cir. 1981).  In very limited circumstances, federal courts are empowered to

14  request an attorney to represent an indigent civil litigant.  For example, courts have discretion, pursuant

15  to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing

16  of "exceptional circumstances," *see Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103

17  (9th Cir. 2004).  The circumstances in which a court will make such a request, however, are

18  exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of*

19  *Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.

20  1986).

21      To determine whether the "exceptional circumstances" necessary for appointment of counsel are

22  present the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's

23  ability to articulate her claim *pro se* "in light of the complexity of the legal issues involved."  *Ageyman*,

24  390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of

25  these factors is dispositive and both must be viewed together.  *Wilborn*, 789 F.2d at 1331.  The court

26  has considerable discretion in making these findings.

27      Upon review, the Court finds that the exceptional circumstances necessary to justify

28  appointment of counsel are not present.  The financial reason proffered in support of Plaintiff's request

for appointment of counsel is not an adequate basis for appointment of an attorney. Additionally, Plaintiff has thus far demonstrated her ability to articulate her claims *pro se* and the legal issues are not complex. So long as a *pro se* litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" that might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that plaintiff "may well have fared better"). Therefore, the Court will deny Plaintiff's motion for appointment of counsel.

Based on the foregoing and good cause appearing therefore,

**IT IS ORDERED** that Plaintiff's Second Motion/Application to Proceed *In Forma Pauperis* (#3) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#3-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an Amended Complaint, if she believes she can correct the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#3-1, 3) is **denied**.

Dated this 30th day of October, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**