UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDITA JASIC, | Case No. 2:13-cv-01747-JAD-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| MARY KORA, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Amended Complaint (#5), filed on November 26, 2013. On October 30, 2013, the Court granted Plaintiff's Second Motion/Application for Leave to Proceed *in forma pauperis* and dismissed her Complaint without prejudice. *See* Order #4. In addition, the Court granted Plaintiff thirty days to submit an amended complaint. Plaintiff timely submitted Amended Complaint (#5), which the Court will now screen.

**DISCUSSION**

**I.      Screening the Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case.  Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

**A.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Plaintiff and Defendant appear to be Nevada citizens and Plaintiff requests approximately $40,000 in damages so there is no diversity jurisdiction in this case.

**B.     Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff makes a general allegation that Mary Kara, the owner of Psychic Eye Book Shop, did not protect her safety and unfairly treated her when she worked at that business. In addition, Plaintiff alleges that Joan Curry, store manager, committed battery and perjury on October 5, 2012. Also, Plaintiff claims that Johnny Dee, psychic reader, sexually harassed her around October 5, 2012 and other unknown dates. Plaintiff requests that her belongings be returned and wages for October 5, 2012 be paid.

The Court finds that Plaintiff has failed to provide sufficient facts to state a claim for relief. Plaintiff's Amended Complaint (#5) lists battery, sexual harassment, and perjury as claim one. These claims must be stated separately and be supported by a short and plain statement showing that Plaintiff is entitled to relief. In addition, Plaintiff fails to provide even a bare recitation of the elements of the cause of action, must less sufficient facts to satisfy Rule 8's standard. The Court finds that subject matter jurisdiction does not exist over these claims at this time and will grant Plaintiff one more opportunity to amend her complaint regarding these claims.

Further, Plaintiff's Amended Complaint (#5) lists wrongful termination due to national origin as claim two. The Court previously noted that Plaintiff generally alleged that she was discriminated against based on her national origin and may have intended to file a claim for discrimination based national origin in violation of Title VII of the Civil Rights Act ("Title VII"). 42 U.S.C. § 2000e–2(a)(1). In addition, the Court specified that Title VII allows a person to sue an employer for discrimination on the basis of national origin if she has exhausted both state and EEOC administrative procedures. To establish federal subject matter jurisdiction, Title VII requires a plaintiff to exhaust her

administrative remedies before filing suit. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Once a plaintiff files a charge with the EEOC, the Commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer. *Id.* If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). After receipt of the right-to-sue letter, plaintiff may sue in federal or state court. *Id.* Here, Plaintiff has provided no evidence that she has exhausted her administrative remedies.

In addition, Plaintiff has not provided adequate factual support for her claim. In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish the following: (a) she belonged to a protected class; (b) she was qualified for his job; (c) she was subjected to adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Plaintiff did not provide the dates of the alleged incidents of discrimination based on national origin, state how she was qualified for the job, and describe any similarly situated employees. Similarly, Plaintiff did not provide any evidence that she timely filed an administrative charge with the EEOC. Therefore, the Court finds for the second time that Plaintiff failed to exhaust her administrative remedies and provide sufficient facts to state a claim for relief under Title VII.

Finally, Plaintiff also generally alleges that she was not paid wages. She cites no authority and provides no facts to support this allegation. The Court notes that this is a matter to be determined under state law rather than under the federal wage and hour law, the Fair Labor Standards Act (FLSA"), 29 U.S.C. § 201, et seq. *See, e.g., Lucas v. Bell Trans*, 2009 WL 2424557 (D. Nev. June 24, 2009) (noting private right of action to recover unpaid wages exists in Nevada state statutes); *Brown v. Precision Opinion*, 2011 WL 1257210 (D. Nev. April 4, 2011) (noting no support for proposition that employers' failure to pay unpaid wages at termination constitutes a violation of FLSA). The Court previously dismissed Plaintiff's claim for unpaid wages with leave to amend; given that Plaintiff is proceeding pro se, the Court will grant her one additional opportunity to amend her complaint to state a claim for relief.

In conclusion, absent sufficient factual allegations to correct the above-noted subject-matter

jurisdiction deficiencies, Plaintiff's claims cannot survive.  As Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with one more opportunity of thirty days to amend the complaint.  The Court notes that it cannot refer to a prior pleading in order to make a complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case.  Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

Based on the foregoing and good cause appearing therefore,

**IT IS ORDERED** that the Amended Complaint (#5) is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30) days**, until **January 2, 2014**, to file an Amended Complaint, if she believes she can correct the noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

Dated this 3rd day of December, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**