# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDITA JASIC, | Case No. 2:13-cv-01747-JAD-CWH |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION** |
| MARY KORA, | |
| Defendant. | |

Plaintiff submitted an Motion/Application to Proceed *in Forma Pauperis* (#1) and Complaint on September 24, 2013. On September 25, 2013, the Court denied without prejudice Plaintiff's Motion/Application to Proceed *in Forma Pauperis* (#1) and granted her thirty days to file a new, completed application. *See* Order #2. On October 17, 2013, Plaintiff filed a Second Motion/Application to Proceed *in Forma Pauperis* (#3) and Complaint. On October 30, 2013, the Court granted Plaintiff's Second Motion/Application for Leave to Proceed *in forma pauperis* and dismissed her complaint without prejudice. *See* Order #4. In addition, the Court granted Plaintiff thirty days to submit an amended complaint correcting the noted deficiencies. On November 26, 2013, Plaintiff filed an Amended Complaint (#5). On December 3, 2013, the Court dismissed Plaintiff's amended complaint without prejudice and granted her thirty days to amend. Plaintiff failed to submit a second amended complaint by January 2, 2014.

Plaintiff has not adequately alleged a claim arising under federal law. Plaintiff's Amended Complaint (#5) lists state law cause of action - battery, sexual harassment, and perjury - as claim one. The Court's December 3, 2013 Order informed Plaintiff that these claims must be stated separately and be supported by a short and plain statement showing that Plaintiff is entitled to relief. Further, Plaintiff's Amended Complaint (#5) lists wrongful termination due to national origin as claim two. However, Plaintiff provided no evidence that she has exhausted her administrative remedies. In

addition, the Court noted that Plaintiff failed to provide even a bare recitation of the elements of the causes of action, much less sufficient facts to satisfy Rule 8's standard. Finally, Plaintiff also generally alleged that she was not paid wages, which the Court previously explained is a state law claim. As a result, the Court found that Plaintiff did not demonstrated that this Court has subject matter jurisdiction based on a federal question. Additionally, Plaintiff and Defendant appear to be Nevada citizens and Plaintiff requests approximately $40,000 in damages so there is no diversity jurisdiction in this case. More than thirty days have elapsed since the Court's Order dismissing Plaintiff's Complaint without prejudice and Plaintiff has not submitted an amending complaint. In addition, the Court gave Plaintiff two opportunities to amend and she has failed to provide sufficient facts to state a plausible claim for relief in this case

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#5) be **dismissed with prejudice** because Plaintiff failed to file an amended complaint within 30 days of the Court's December 3, 2013 Order.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 3rd day of January, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**